**DYKEMA GOSSETT LLP**
Derek S. Whitefield (SBN: 165731)
*dwhitefield@dykema.com*
Janet R. Nalbandyan (SBN 235154)
*jnalbandyan@dykema.com*
Walead Esmail (SBN: 266632)
*wesmail@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone: (213) 457-1800
Facsimile:  (213) 457-1850

Attorneys for Plaintiff and Counterdefendant
DELPHI CONNECTION SYSTEMS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| DELPHI CONNECTION SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>KOEHLKE COMPONENTS, INC. and THOMAS KOEHLKE,<br><br>    Defendants.<br><hr>KOEHLKE COMPONENTS, INC.,<br><br>    Counter-claimant,<br><br>  vs.<br><br>DELPHI CONNECTION SYSTEMS, LLC,<br><br>    Counter-defendant. | Case No. 8:12-cv-01356-CJC (ANx)<br><br>[Assigned to the Hon. Arthur Nakazato]<br><br>~~**[PROPOSED]**~~ **CONFIDENTIALITY ORDER** |

PAS01\761181.1
ID\JRN - 098844\0006

The Court, having considered the Parties' Stipulation for Entry of Confidentiality Order, and finding good cause in support thereof, hereby issues the following Confidentiality Order:

1.      This Order shall govern disclosure and use by the Parties of all documents, testimony and other materials and information produced in this Action by any Party or non-party required to give testimony and/or produce documents (a "Disclosing Party" or a "Designating Party").

2.      As used in this Order, the term "Receiving Party" shall mean any party who is the recipient of information supplied by a Disclosing Party and the term "documents" shall mean all written material, electronically-stored images and data, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3.      All Protected Material (as defined below) to be produced by a Disclosing Party in this litigation shall only be used, shown or disclosed as provided in this Order.  Any person or entity in possession of Protected Material as a result of the production of such materials in this Action shall maintain those materials in a secure manner, so as to avoid disclosure of their contents.  The restrictions provided in this Order with respect to the handling, disclosure and dissemination of Protected Material shall also apply to notes, reports, documents or communications which summarize, reference, describe or discuss the Protected Material in a way that may disclose any portion of the Protected Material.

4(A).  A Disclosing Party may designate as "Confidential" any information or documents produced in discovery, pursuant to legal process, or exchanged informally for purposes of settlement, if the person making the "Confidential" designation reasonably believes, in good faith, that the material so designated contains or constitutes non-public or confidential commercial, proprietary, or other technical

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA  90071

1

[PROPOSED] CONFIDENTIALITY ORDER

business or financial information, including but not limited to accounting records, revenues, costs, profits, pricing and overhead; and supplier, distributor, or customer lists or information, including but not limited to names, addresses, phone numbers, and email addresses.

4(B).  A Disclosing Party may designate as "Highly Confidential – Attorneys' Eyes Only" any information or documents produced in discovery, pursuant to legal process, or exchanged informally for purposes of settlement, if the person making the designation reasonably believes, in good faith, that the material so designated contains or constitutes highly confidential or sensitive information that is not publicly available, such as confidential research and development information, business strategy including future business plans, and trade secrets as defined under California Civil Code § 3426.1.

4(C).  Documents or information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be referred to herein as "Protected Material."

5.     The designation of Protected Material shall be made at the time of disclosure by placing the word "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on each page of the material so designated, or, in the case of deposition testimony, as provided below.  Inadvertent failure to designate Protected Material may be remedied by subsequent written notice.  Effective upon the giving of any such subsequent written notice, the information, documents or testimony designated as Protected Material in the subsequent notice shall be deemed subject to this Order.

6.     To the extent Protected Material or information obtained from such material is used in depositions and/or as trial exhibits, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Material.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

2

[PROPOSED] CONFIDENTIALITY ORDER

7.     Any Party may designate as Protected Material any portion(s) of a deposition transcript that the Designating Party, in good faith, reasonably believes to contain Protected information according to the criteria set forth in paragraph 4 above. The Designating Party shall advise the court reporter and counsel in a writing sent to all Parties within a reasonable period of time after the transcript becomes available of any portions of a deposition to be treated as Protected Material.

8(A).  Documents or information designated as "Confidential" shall only be disclosed or shown to the following persons: (a) the Court and necessary court personnel; (b) the Parties (including their officers, directors, employees, in-house counsel and agents having direct responsibility for this Action); (c) the Parties' attorneys of record (and employees of the attorneys' law firms); (d) court reporters transcribing depositions or testimony in the Action; (e) persons who are witnesses in the Action (including deposition witnesses), but only insofar as reasonably necessary for the prosecution and defense of the Action; (f) persons shown on the face of a document as being an author, recipient, or copy recipient of the document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action; (g) experts and consultants retained by a Party in connection with the Action (including persons working under the direction or control of such experts and consultants); (h) outside photocopying, graphic production services, litigation support services, or investigators employed by the Parties or their counsel; and (i) any other person agreed to in writing by the Designating Party.

8(B).  Documents or information designated as "Highly Confidential – Attorney's Eyes Only" shall only be disclosed or shown to the following persons: (a) the Court and necessary court personnel; (b) the Parties' attorneys of record (and employees of the attorneys' law firms); (c) court reporters transcribing depositions or testimony in the Action; (d) persons shown on the face of a document as being an

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

3

[PROPOSED] CONFIDENTIALITY ORDER

author, recipient, or copy recipient of the document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action; (e) experts and consultants retained by a Party in connection with the Action (including persons working under the direction or control of such experts and consultants); (f) outside photocopying, graphic production services, litigation support services, or investigators employed by the Parties or their counsel; and (g) any other person agreed to in writing by the Designating Party.

9.     All persons to whom Protected Material is disclosed shall, before that disclosure, be advised that the Protected Material is being disclosed pursuant to the terms of the Order.  All persons to whom Protected Material is disclosed shall, before the disclosure, execute the Certification attached hereto as Exhibit A.  The provisions of this paragraph shall not apply to the Court or its personnel.

10.     If any person seeks to file or lodge Protected Material with any court in a manner so that, in the ordinary course, such Protected Material will be placed in a publicly accessible court file, the person seeking to file or lodge such material shall take all reasonable steps under the rules of that court to cause the Protected Material to be filed under seal, including, with respect to this Court, the procedures contained in Local Rule 79-5 and the procedures contained in this Court's Procedures for Presenting Documents Electronically for Sealing.

11.     If at any time any Protected Material is subpoenaed by any person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed shall promptly give written notice, and include a copy of the subpoena or request, to all Parties and, if applicable, to the Disclosing Party. The person to whom the subpoena is directed shall make all reasonable good faith efforts to provide the Disclosing Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection of the Protected Material, before

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

4

the person to whom the subpoena is directed takes any action to comply with the subpoena.

12.     The burden of proving that a document or testimony constitutes Protected Material is on the Disclosing Party.  Prior to designating any material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Disclosing Party shall make a bona fide determination that the material is, in fact, appropriately designated pursuant to paragraph 4 above.  If a Receiving Party disagrees with the designation of any documents, the Receiving Party will so notify the Disclosing Party in writing, identifying the material subject to the objection and specifying in reasonable detail the reasons for the objection.  Upon receipt of any such objection, the Parties shall promptly meet and confer in an effort to resolve their differences. The Parties shall work in good faith to resolve any disputes, and shall not unreasonably withhold documents from being disclosed to deposition witnesses without substantial justification for doing so.  If the disagreement cannot be resolved, the objecting Party may file, within a reasonable time, an application or motion with the Court for relief from designation of the material as Protected Material.  The Party who designated the Protected Material shall have the burden of showing, on such application or motion, that the material being objected to was appropriately designated as Protected Material.  The material subject to the objection shall be maintained as Protected Material until such time as the objecting Party's motion for relief has been ruled on.

13.     Within ninety (90) days after entry of an order or judgment finally terminating the Action, including all related court proceedings and appeals, Protected Material in a Party's possession, including all paper and electronic copies thereof (except for Protected Material designated by that Party) shall either be destroyed or returned to the person who originally produced or provided the Protected Material.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA  90071

5
[PROPOSED] CONFIDENTIALITY ORDER

The provisions of this paragraph shall not apply to pleadings, motions, briefs, affidavits, attorney notes, transcripts, or Court opinions and orders.

14.     This Order shall not be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial or hearing in this Action.

15.     Each Party shall have the responsibility, through counsel, to advise the Party designating Protected Material of any losses or compromises of the confidentiality of material so designated.  It shall be the responsibility of the Party that lost or compromised the Protected Material to take reasonable measures to limit the loss or unauthorized disclosure.

16.     Nothing in this Order shall: be construed to limit any Party's use or disclosure of its own documents, materials, or information designated as Protected Material; prevent or in any way limit disclosure, use, or dissemination of any information or documents that are publicly available, publicly known or available from some source other than in connection with this Action; prejudice the rights of any Party to introduce into evidence at trial any document, testimony, or other evidence; or the right of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence.

17.     This Order may not be waived, modified, abandoned or terminated, in whole or part, except by court order.  If any provision of this Order is held invalid for any reason, the remaining provisions shall not be affected.

18.     Any Party may apply to the Court for further or additional confidentiality orders or for the modification of this Order.

19.     After termination of this Action, the provisions of this Order shall continue to be binding.  This Court retains and shall have jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provisions of this Order following termination of this Action.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

6

[PROPOSED] CONFIDENTIALITY ORDER

20.    This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

21.    All persons described in paragraphs 8 and 9 above shall not, under any circumstance, sell, offer for sale, advertise, or publicize either the Protected Materials, the confidential information contained in them, or the fact that such persons have obtained the Disclosing Party's confidential information.

IT IS SO ORDERED.

Date: August 4, 2014

_____
Hon. Arthur Nakazato
United States Magistrate Judge

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA  90071

7

[PROPOSED] CONFIDENTIALITY ORDER

**EXHIBIT A**

**<u>CERTIFICATION</u>**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| DELPHI CONNECTION SYSTEMS, LLC, | Case No. 8:12-cv-01356-CJC (ANx) |
| Plaintiff, | [Assigned to the Hon. Arthur Nakazato] |
| vs. | |
| KOEHLKE COMPONENTS, INC. and THOMAS KOEHLKE, | **CERTIFICATION OF COMPLIANCE WITH CONFIDENTIALITY ORDER** |
| Defendants. | |
| KOEHLKE COMPONENTS, INC., | |
| Counter-claimant, | |
| vs. | |
| DELPHI CONNECTION SYSTEMS, LLC, | |
| Counter-defendant. | |

I certify my understanding that Protected Material is being provided or may be provided to me pursuant to the terms and restrictions of the _____, 2014 Confidentiality Order in the above-captioned case.  I further certify that I have received and read the Confidentiality Order, and I agree to be bound by the terms thereof.

_____

Name: _____

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA  90071

8

[PROPOSED] CONFIDENTIALITY ORDER